UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                        Case No. 8:25-cv-2110-MSS-LSG

RHONDA FAY HUNTER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The *pro se* defendant Rhonda Fay Hunter removes to this Court under 28 U.S.C. § 1443 a pending criminal prosecution from Pinellas County Circuit Court. Doc. 1. She moves to proceed without prepaying fees or costs under 28 U.S.C. § 1915. Doc. 2. Because removal is improper in this circumstance, I recommend denying the motion to proceed *in forma pauperis* and remanding the case to state court.

    I.      BACKGROUND

In connection with a traffic stop on September 21, 2023, the defendant was charged with driving under the influence. Doc. 1 at 1, Doc. 1-1 at 1. The defendant filed motions challenging the state court's jurisdiction to charge her and alleging a "denial of rights under color of law." Doc. 1-1 at 3, 12, 30, 50, 74; *State of Florida v. Hunter*, No. 23-69524-TC (Fla. 6th Cir. Ct. Sep. 21, 2023)). On January 27, 2025, the state court ordered the defendant to undergo a mental health evaluation, and on July

14, 2025, the judge denied all of the defendant's motions, including her jurisdictional challenges. Doc. 1-1 at 60-64, 80.

The defendant purports to remove under 28 U.S.C. § 1443 and alleges a denial of "equal civil rights" based on the state court's (1) refusing to hold a hearing on the defendant's jurisdictional challenges in violation the Fourteenth Amendment and Article I, Section 21, of the Florida Constitution and (2) ordering the defendant to participate in a competency evaluation without a *Faretta* hearing in violation of the Sixth Amendment. Doc. 1 at 2-3. The defendant alleges that the state court's "repeated denial of motions demonstrates the state court's systemic disregard for federal rights." Doc. 1 at 3.

**II.    DISCUSSION**

In a civil action, the clerk of court must collect from the initiating party a filing fee. 28 U.S.C. § 1914. A party may procced without paying the fee if the party submits an affidavit showing that "the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, even if unable to pay, a party may not proceed if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Furthermore, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no

2

exception." *Id.*

"Removal jurisdiction of federal courts is entirely a creature of statute." 16 MOORE'S FEDERAL PRACTICE § 107.04 (3d ed. 2025). Removal statutes are construed narrowly and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Univ. of S. Alabama*, 168 F.3d at 411 (citing cases and reasoning that this approach preserves the right of a state, which has courts of general jurisdiction, to resolve controversies in its own courts). A removing defendant bears the burden of demonstrating removal jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207-08 (11th Cir. 2007).

Section 1443 of Title 28, United States Code, permits a defendant to remove from state court a criminal prosecution

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The statutory authority to remove in certain civil rights cases "was enacted to protect persons against state actions instituted to hamper the enforcement of federal civil rights laws." 16 MOORE'S FEDERAL PRACTICE § 107.102[2] (3d ed. 2005). In Section 1443(1), the phrase "any law providing for . . . equal civil rights" means "any law providing for specific civil rights stated in terms of racial equality." *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966); *Ala. v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

A broad claim under Fourteenth Amendment or other constitutional provisions "cannot support a valid claim for removal." *Rachel*, 384 U.S. at 792; 14C FED. PRAC. & PROC. JURIS. § 3727 (Rev. 4th ed.) ("[S]tatutes or constitutional provisions phrased in terms of general rights applicable to all citizens, rather than couched in the specific language of racial equality, do not provide a basis for removal under Section 1443(1)."). Removal under Section 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties" under any federal law providing for equal civil rights. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815, 824 (1966).

      Here, the defendant alleges a violation of rights available to all citizens under the Fourteenth and Sixth Amendments. Nothing in her notice of removal suggests that her claim falls within a law specifically providing for racial equality, such as the Civil Rights Act of 1964. *See Rachel*, 384 U.S. at 792-93. The defendant alleges nothing to suggest that she is a federal officer or a person who assisted a federal officer in the performance of their duties. Accordingly, removal under Section 1443 in this case is improper.

## III. CONCLUSION

Because removal is improper, the Court should deny the defendant's motion to proceed without prepayment of fees or costs, Doc. 2, remand the action for further proceedings in state court, terminate any pending motion, and close the case.

**REPORTED** in Tampa, Florida, on this 12th day of August, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.