UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STATE OF FLORIDA,**

    **Plaintiff,**

**v.**                                              Case No: 8:25-cv-2110-MSS-LSG

**RHONDA FAY HUNTER,**

    **Defendant.**

_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Rhonda Fay Hunter's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 2), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Defendant's Notice of Removal. (Dkt. 1) On August 12, 2025, United States Magistrate Judge Lindsay S. Griffin entered a Report and Recommendation, (Dkt. 3), which recommended the motion to proceed *in forma pauperis* be denied and the case be remanded to state court. Defendant filed a timely objection Judge Griffin's recommendation. (Dkt. 4)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Defendant attempts to remove her criminal prosecution to this Court pursuant to 28 U.S.C. §§ 1443(1) and 1331 because the state court (1) refused to hold a hearing on Defendant's jurisdictional challenges in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 21 of the Florida Constitution, and (2) ordered Defendant to participate in a competency evaluation without a Faretta hearing in violation of the Sixth Amendment.  (Dkt. 1)  28 U.S.C. § 1443(1) allows for the removal of state criminal prosecutions where the defendant has been denied or cannot enforce "a right under any law providing for the equal rights of citizens of the United States."  Judge Griffin's Report and Recommendation explains that removal under § 1443(1) is only proper where a criminal defendant is denied or cannot enforce any law providing for specific civil rights stated in terms of racial equality.  (Dkt. 3) (citing

2

Georgia v. Rachel, 384 U.S. 780, 792 (1966); Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001)).  In other words, removal under § 1443(1) is not proper for alleged violations of general rights applicable to all citizens, rather than couched in the specific language of racial equality.  (Id.)

Defendant raises four objections to Judge Griffin's Report and Recommendation.  First, Defendant argues that the Report and Recommendation erroneously narrows the scope of § 1443(1) beyond established precedent.  In particular, Defendant argues that non-racial claims are not categorically barred by the statute.  This is in direct contraction to the U.S. Supreme Court's pronouncement in Rachel, in which the Court articulated a two-prong test that a § 1443(1) removal must satisfy.  384 U.S. at 792.  The first prong requires Defendant to "show that the right upon which [she] relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Conley, 245 F.3d at 1295 (quoting Rachel, 384 U.S. at 792).  Defendant does allege to rely on any such law.  Defendant's first objection is **OVERRULED**.

Second, Defendant argues that the Report and Recommendation ignores the allegation of a "systemic disregard for federal rights" which is the core of a viable § 1443(1) claim.  In other words, Defendant argues that the Report and Recommendation fails to address the second prong of the Rachel test.  The Court rejects this argument—Defendant fails to meet the first prong of the test, thus, there is no obligation to address the second prong.  Defendant's second objection is **OVERRULED**.

Third, Defendant argues that the Report and Recommendation fails to address the alternative basis for jurisdiction under 28 U.S.C. § 1331. This argument is without merit. The plain language of § 1331 clearly limits its applicability to civil actions. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); see also 28 U.S.C. § 1441. Here, Defendant has removed a state court criminal prosecution, thus, § 1443 provides the only grounds for removal. Defendant's third objection is **OVERRULED**.

Finally, Defendant argues that denial of IFP status based on a premature jurisdictional finding is improper. In essence, Defendant argues that her motion should only have been assessed on whether she had the ability to pay, and by making a merits-based jurisdictional finding, the Report and Recommendation "puts the cart before the horse." (Dkt. 4 at 5) This argument fails. "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[R]emoval jurisdiction is no exception." Id. Defendant, as the removing party, bears the burden of showing that this Court has jurisdiction over the removed case and all "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Defendant has failed to meet that burden. Defendant's final objection is **OVERRULED**.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of all relevant filings, case law, and being otherwise fully

advised, the Court is of the opinion the Report and Recommendation should be adopted, confirmed, and approved in all respects. The Court **DENIES** Defendant's Motion to Proceed *In Forma Pauperis* and **REMANDS** this case to the Sixth Judicial Circuit Court. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 3), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Defendant's Motion to Proceed *In Forma Pauperis* (Dkt. 2) is **DENIED**.

3. The Clerk is **DIRECTED** to **REMAND** this case to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

4. The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of August 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person